IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BILL SALTER ADVERTISING, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0081-WS-B |
| | ) | |
| **CITY OF BREWTON, ALABAMA,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action comes before the Court on Plaintiff's Motion for Leave to File a First Amended Complaint (doc. 25). Defendant has filed a memorandum of law opposing the Motion, and plaintiff has filed a reply. The Motion is ripe for disposition at this time.

**I.     Background.**

On February 2, 2007, plaintiff Bill Salter Advertising, Inc. ("Salter") filed the Complaint (doc. 1) in this District Court against the defendant, City of Brewton, Alabama (the "City"). Salter's Complaint alleges various constitutional deprivations in connection with the City's denial of certain billboard applications submitted by Salter in July 2006, and the City's delay in authorizing Salter to repair hurricane-damaged billboards in 2005 and 2006. The four-count Complaint delineates the following causes of action under 42 U.S.C. § 1983: (a) the City's moratorium on construction of new billboards and rebuilding of damaged billboards is an unconstitutional restriction on Salter's freedom of speech; (b) the City's delay tactics and baseless information requests in processing Salter's applications to repair its hurricane-damaged signs violated Salter's procedural and substantive due process rights; (c) the City's sign ordinance is an unconstitutional restriction on Salter's freedom of speech because, *inter alia*, the permitting requirement lacks minimum procedural safeguards, impermissibly favors commercial speech over noncommercial speech, and impermissibly discriminates among both commercial and noncommercial speech; and (d) the sign ordinance violates the Fourteenth Amendment by creating favoritism that denies Salter equal protection under the law, and by including vague provisions that violate Salter's due process rights.

Several weeks after filing the Complaint, Salter submitted a Motion for Preliminary Injunction (doc. 6), seeking to restrain the City from applying its sign ordinance to exclude all new outdoor advertising signs and from enforcing the sign ordinance and moratorium.  On April 26, 2007, the Court entered an Order (doc. 14) granting the Motion in part and denying it in part.  In particular, the April 26 Order granted the Motion for Preliminary Injunction with respect to the moratorium, and preliminarily enjoined the City from enforcing it, in part because the City had failed to come forward with any explanation or justification for the prolonged duration of that moratorium.  In all other respects, the Motion was denied.  Of some significance for the present Rule 15 Motion, the April 26 Order examined Eleventh Circuit precedent and concluded that a City ordinance prohibiting off-premises billboards does not trench upon noncommercial speech, as a matter of law, inasmuch as "according to the law of this Circuit, noncommercial messages are by definition onsite signs." (Doc. 14, at 21 (citing *Coral Springs Street Systems, Inc. v. City of Sunrise*, 371 F.3d 1320, 1344 (11th Cir. 2004).)

Now Salter timely seeks leave to amend its Complaint to include certain new allegations based on the City's actions in the wake of the April 26 Order.  According to the proposed First Amended Complaint appended to its Motion, Salter resubmitted its permit applications for nine new signs on May 14, 2007, but labeled those applications as seeking "Noncommercial Content Only Signs," so as to avoid the ordinance's ban on off-premises billboards, given that noncommercial messages are deemed onsite signs as a matter of law.  (Proposed Amended Complaint, ¶¶ 39-40.)  Salter contends that the City proceeded to make it jump through unprecedented hoops, including "bogus requests for documentation or information," and has "refused to issue permits for the requested noncommercial signs." (*Id.*, ¶¶ 43-44.)  The proposed amendment also alleges that the City is subjecting Salter's applications to requirements that have never been applied to any prior permit applications or that are being selectively enforced against Salter. (*Id.*, ¶ 45.)  Based on these allegations, Salter would amend its constitutional claims against the City as follows: (1) supplement the due process claim in Count Two to allege that the City's conduct concerning the May 2007 applications "was not based on City regulations" and was an attempt "to discourage Salter from pursuing its appeal and/or delay issuance of the requested permits," all in violation of Salter's procedural and substantive due process rights (*Id.*, ¶¶ 60-61); and (2) add a new Count Five alleging that the City's selective enforcement of the

Sign Ordinance violates Salter's equal protection rights (*Id.*, ¶¶ 77-78).

## II.     Analysis.

### A.     Governing Legal Standard.

Plaintiff's Motion is governed by Rule 15(a), Fed.R.Civ.P., which provides that leave to amend pleadings "shall be freely given when justice so requires." *Id.*; *see also Community State Bank v. Strong*, 485 F.3d 597, 611 n.19 (11th Cir. 2007) ("the rule contemplates that leave shall be granted unless there is a substantial reason to deny it"); *Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("leave to amend must be granted absent a specific, significant reason for denial").  The Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility).  Although whether to grant leave to amend rests in the district court's discretion, Rule 15(a) "severely restricts" that discretion.  *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). Indeed, denying leave to amend is an abuse of discretion in the absence of one or more of the *Foman* factors.  *See, e.g., Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial.") (citation omitted); *Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley*, 177 F.3d at 1258 (district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced).

### B.     Futility of Amendment.

Although the City does not couch its opposition to the Motion for Leave to Amend in terms of the *Foman* analytical framework, the crux of defendant's objection is that the proposed

amendment should be denied as futile.

The law of this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied. *See, e.g., Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss); *Amick v. BM & KM, Inc.*, 275 F. Supp.2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.").

To bolster a futility objection, the City balks that Salter's proposed amendment to add claims relating to the May 2007 sign applications "is procedurally premature and substantially improper." (Defendant's Brief (doc. 28), at 3.) More specifically, the City contends that Salter's counsel is attempting the same maneuvers that failed in *KH Outdoor v. City of Trussville*, as reflected in an unpublished decision from that Northern District of Alabama case dated October 11, 2006. (Doc. 28, at Exh. D.) The City is correct that the *KH Outdoor* court declined to grant the plaintiff relief for sign applications post-dating the filing of the complaint; however, that court's rationale was that those applications were "beyond the scope of that which was before the Court in the above styled action." (*Id.*) In contrast to the case at bar, there is no indication in materials provided to the Court that the plaintiff in *KH Outdoor* ever attempted to amend its pleadings to add new claims predicated on post-complaint sign applications. To the contrary, it appears that the *KH Outdoor* plaintiff sought relief for post-complaint sign applications only after the full and complete adjudication of all issues presented in that case. Certainly, nothing in

the district court's order on which the City relies here can be reasonably read as forbidding a sign company from timely amending its complaint to assert new claims based on permit applications submitted during the pendency of the litigation.  Had the *KH Outdoor* plaintiff timely sought such an amendment (as Salter has done here), the outcome of that case may have been quite different.  Accordingly, the City's contention that *KH Outdoor* somehow precludes Salter's proposed amendment here is unavailing.

Next, the City contends that the proposed amendment runs afoul of the ripeness doctrine, which "keeps federal courts from deciding cases prematurely."  *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1227 (11th Cir. 2006).  "The purpose of this doctrine is to avoid entangling [our]selves in abstract disagreements, and also to shield agencies from judicial interaction until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  *Konikov v. Orange County, Fla.*, 410 F.3d 1317, 1322 (11th Cir. 2005) (internal quotations and citations omitted).  Thus, a ripeness inquiry gauges "whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court."  *Id.*  In making such a determination, courts examine "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration."  *Beaulieu*, 454 F.3d at 1227 (citation omitted).

The City's position is that Salter's proposed claims relating to the May 2007 permit applications cannot satisfy ripeness principles because the City has never entered a final denial of those applications, but is instead waiting on Salter to respond to the City's information requests.  In that regard, defendant would liken this case to *National Advertising Co. v. City of Miami*, 402 F.3d 1335 (11th Cir. 2005), a billboard case wherein the Eleventh Circuit concluded that the plaintiff's First Amendment claims predicated on allegations of permit denials were "not ripe because it failed to obtain a final denial of its applications.  Although National's initial request for a permit was not granted ..., National never received a final, written denial of their applications."  *Id.* at 1340.[1]  The panel further observed that, in the current posture of that

---

[1] *See also Ward v. County of Orange*, 217 F.3d 1350, 1356 (11th Cir. 2000) ("In order for an as-applied challenge against a county to be ripe, a county official with sufficient authority must have rendered a decision regarding the party's proposal.") (citation and internal quotations omitted).

dispute, it was "incapable of determining *if*, let alone why, National's applications were denied." *Id.* at 1341.  The fatal flaw in the City's reliance on *National Advertising* is that Salter's proposed revised pleading would not assert First Amendment causes of action based on denial of the May 2007 permit applications; to the contrary, Salter would interpose due process and equal protection claims based on the City's manner of processing those applications.  In other words, the wrong alleged in the proposed Amended Complaint is not that the May 2007 applications were denied, but is instead that the City has imposed trumped-up information requests and procedural requirements on Salter, and has selectively enforced certain provisions of its sign ordinance against Salter, all for the purpose of delaying disposition of those applications and discouraging Salter from proceeding.  Nothing in *National Advertising* can be reasonably read as holding that constitutional claims relating to the processing of a permit application cannot ripen until a final, written decision is made on the application.  Simply put, *National Advertising* is inapposite.  The City has presented no authority, and has offered no argument, for the proposition that constitutional claims predicated on alleged procedural irregularities lack ripeness until a final permitting decision is made.[2]  Absent such authorities and arguments, this Court finds that Salter's proposed claims for constitutional deprivations relating to the processing of the May 2007 permit applications are sufficiently mature, and the issues are sufficiently defined and concrete, to satisfy the constitutional and prudential aspects of a ripeness analysis.

Most of the remainder of the City's opposition brief consists of deposition excerpts through which the City would apparently argue that Salter lacks any "sincere" or "legitimate" desire to receive permits to construct nine billboards in the City of Brewton reserved exclusively for noncommercial messages, as requested in the May 2007 applications.  As the Court understands the argument, defendant would have the proposed Amended Complaint rejected

---

[2] There may (or may not) be concerns relating to the propriety of Salter's proposed new due process claims (both substantive and procedural) under *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) and its progeny, including *Greenbrier Village, L.L.C. v. Mountain Brook, City*, 345 F.3d 1258 (11th Cir. 2003); *Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000); and *Horton v. Board of County Com'rs of Flagler County*, 202 F.3d 1297 (11th Cir. 2000).  However, defendant has failed to raise those considerations in opposition to plaintiff's Rule 15(a) Motion, so those issues will have to await resolution until another day.

because Salter does not really want the relief it is requesting but is instead proceeding in that fashion solely as a litigation tactic to extract some amorphous, ill-explained gain or otherwise to provoke the City. Such a contention extends well beyond the limited futility analysis permitted at the Rule 15(a) stage.[3] Moreover, at best from defendant's standpoint, there is a factual dispute between the parties as to the legitimacy of Salter's interest in pursuing applications to erect noncommercial signs. Both parties have cited evidence in their briefs that appears to lend support to their respective positions. At this juncture, this Court cannot and will not wade into these murky analytical and evidentiary waters to sort between conflicting evidence and make a conclusive determination as to whether Salter's May 2007 permit applications are merely a sham to discredit, harass, and achieve some tactical advantage against the City.[4]

### III.   Conclusion.

For all of the foregoing reasons, the undersigned finds that defendant's objection to the proposed Amended Complaint on futility grounds is not well-taken. Based on the arguments and authorities presented by counsel, the Court is of the opinion that the proposed Amended

---

[3] To the extent that defendant might have intended to cast that argument as being that the amendment rises to the level of bad faith, the Court declines to so find for two reasons. First, the City never alleged bad faith, and it is not this Court's responsibility to guess what a litigant may have intended, but failed, to argue. Second, even if such an objection had been properly raised, defendant has not made an adequate showing that the proposed amendment is being sought in bad faith. *See generally Koch v. Koch Industries*, 127 F.R.D. 206, 211 (D. Kan. 1989) (for denial of amendment on bad faith grounds to be appropriate, "[t]he movant's bad faith must be apparent from evidence of record"); *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp.2d 1110, 1113 (N.D. Cal. 2002) (examples of bad faith include use of a motion to amend as a means to postpone the trial date, to impose additional expense on the opposing party, and to gain leverage in settlement negotiations). Leave to amend should not be denied on bad faith grounds where, as here, it is not clear that the movant lacks a good faith belief in the allegations underlying its new claims. *See Merrill Lynch Business Financial Services Inc. v. Plesco, Inc.*, 859 F. Supp. 818, 825 (E.D. Pa. 1994).

[4] The same goes for the City's contention that one paragraph of the proposed amended pleading contains "misinformation" and that Salter must be "misinformed." (Doc. 28, at 15.) Even if the City is correct that a particular factual allegation in the proposed First Amended Complaint is inaccurate, that is not a valid basis for denying the amendment under Rule 15(a) unless it renders the entire amendment futile. Besides, the Court is ill-equipped to resolve such a factual dispute at this nascent stage of the proceedings. A Rule 15(a) analysis does not mimic that under Rule 56.

Complaint satisfies the low threshold to avoid futility in that the proposed amendment would not necessarily fail.  Nor has the City made a sufficient objection, or a sufficient showing, of bad faith to warrant denial of leave to amend on that basis.  Accordingly, and in recognition of Rule 15(a)'s directive that leave to amend pleadings "shall be freely given when justice so requires," Plaintiff's Motion for Leave to File a First Amended Complaint (doc. 25) is **granted**.   Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **August 30, 2007**, to file its First Amended Complaint in substantially the form appended to its Motion as Exhibit A.

    DONE and ORDERED this 23rd day of August, 2007.

    s/ WILLIAM H. STEELE
    UNITED STATES DISTRICT JUDGE